IN THE UNITED STATES FEDERAL COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LYNN BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) | |
| PRINCIPAL FINANCIAL GROUP, INC., | ) | |
| PRINCIPAL HOLDING COMPANY, LLC, | ) | |
| PRINCIPAL NATIONAL LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the plaintiff, LYNN BALLARD, by and through her attorneys in this regard, Hurley McKenna & Mertz, P.C., and as her Complaint at Law against defendants PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, (hereinafter collectively referred to as PRINCIPAL LIFE INSURANCE COMPANY), upon information and belief, she states as follows:

### PARTIES

1.      This cause of action is brought by LYNN BALLARD, a resident of Palatine, Illinois.

2.      LYNN BALLARD is the wife of Patrick Page, deceased.

3.      At the time of his death, Patrick Page was an employee of Tata Steel International (Americas) Inc.

1

4.     PRINCIPAL LIFE INSURANCE COMPANY provided term life insurance to various Tata Steel International (Americas) Inc. employees through a group life insurance policy.

5.     Patrick Page, as an employee of Tata Steel International (Americas) Inc., enrolled in the group plan prior to his death.

6.     At the time of his death, Patrick Page was a member of the group plan and LYNN BALLARD was the intended beneficiary of the life insurance policy provided through the group life insurance.

7.     At all times relevant to this claim, LYNN BALLARD was the listed beneficiary of the group life insurance policy described above.

8.     Defendant PRINCIPAL LIFE INSURANCE COMPANY is an Iowa corporation that is doing business in Illinois and is authorized to sell and provide insurance within the State of Illinois.

## JURISDICTION AND VENUE

9.     Plaintiff brings her complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

10.     Additionally, this Court has jurisdiction over Plaintiff's Employee Retirement Income Security Program Act claims pursuant to 29 U.S.C. § 1132.

11.     This Court has personal jurisdiction over PRINCIPAL LIFE INSURANCE COMPANY because PRINCIPAL LIFE INSURANCE COMPANY transacts business in this District, administers aspects of the plan in this District, and breached its contract in this District.

12.     Venue is proper in this District because PRINCIPAL LIFE INSURANCE

COMPANY transacts business in this District, administers aspects of the plan in this District,

and breached its contract in this District.

## FACTS

13.     Prior to December 21, 2011, PRINCIPAL LIFE INSURANCE COMPANY

issued and/or provided group term life insurance (hereinafter the "Group Policy") to policy

holder Tata Steel International (Americas), Inc.

14.     The Group Policy allowed employees of Tata Steel International (Americas), Inc.

to enroll in the group coverage, thereby becoming "Members" of the group.

15.     The Group Policy provided various benefits to Members and their beneficiaries

including providing benefits for injuries, disability, death, and accidental death.

16.     Prior to December 21, 2011, Patrick Page enrolled in the plan or otherwise

became a Member insured under the Group Policy.

17.     As a Member, Patrick Page and/or his beneficiaries were entitled to benefits in the

event of Patrick Page's death and accidental death.

18.     Specifically, the Group Policy provided "Member Life Insurance" and "Member

Accidental Death and Dismemberment Insurance."

19.     Prior to December 21, 2011, Patrick Page complied with all relevant provisions of

the policy relative to his enrollment and obtaining coverage under the policy.

20.     Prior to December 21, 2011, Patrick Page complied with all relevant provisions of

the policy relative to making necessary contributions to the Plan and/or Group Policy.

21.     On December 21, 2011, Patrick Page drowned at an indoor water park in Sauk

County, Wisconsin.

22.     The Sauk County Coroner specifically ruled that Patrick Page's "cause of death is an indoor drowning fatality."

23.     The Sauk County Coroner memorialized his opinion regarding the cause of death in a letter and indicated that "Patrick pages (sic) death was ruled by the Coroner Office as a (sic) Accident – cause of death, Indoor Fatality drowning."

24.     The Sauk County Coroner specifically addressed the cause of death in correspondence with PRINCIPAL LIFE INSURANCE COMPANY and indicated that the cause of death was an accident.

25.     Patrick Page's death was an accident.

26.     LYNN BALLARD filed a claim with PRINCIPAL LIFE INSURANCE COMPANY under the portion of the policy that provided benefits for Member Accidental Death.

27.     The policy outlined the benefits available to beneficiaries in the event of a Member Accidental Death including an "amount that is equal to 3 times your Annual Compensation."

28.     Though the amount will be proven with more specificity through discovery and at trial, Plaintiff believes the benefit described in the policy covering Patrick Page exceeded $260,000.00.

29.     The Group Policy does not define "accident," "accidental," or "accidental death."

30.     After LYNN BALLARD submitted the claim, PRINCIPAL LIFE INSURANCE COMPANY denied the claim made pursuant to the Member Accidental Death and Dismemberment Insurance provided under the Group Policy.

31.     LYNN BALLARD provided timely notice and proof of death and a copy of Patrick Page's death certificate to PRINCIPAL LIFE INSURANCE COMPANY.

32.     Plaintiff has performed all conditions of the policy required to be performed.

33.     Defendants denied LYNN BALLARD's claim.

34.     In denying the claim, PRINCIPAL LIFE INSURANCE COMPANY concluded that Patrick Page's death was not accidental.

35.     PRINCIPAL LIFE INSURANCE COMPANY's exclusive reason for denying the claim was its conclusion that Patrick Page's death was not an accident.

## <u>COUNT I – BREACH OF CONTRACT</u>

NOW COMES Plaintiff, LYNN BALLARD, by and through her attorneys in this regard, Hurley McKenna & Mertz, P.C., and as Count I of her Complaint at Law against Defendants, PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY (collectively PRINCIPAL LIFE INSURANCE COMPANY), upon information and belief, she states as follows:

36.     Plaintiff incorporates Paragraphs 1 – 35 of her Complaint into Count I of her Complaint.

37.     In denying the Member Accidental Death and Dismemberment Insurance claim PRINCIPAL LIFE INSURANCE COMPANY breached its Group Policy life insurance contract.

38.     PRINCIPAL LIFE INSURANCE COMPANY's denial of coverage amounted to a breach of contract because it denied coverage despite the following facts:

   a.     The Sauk County Coroner specifically ruled that Patrick Page's "cause of death is an indoor drowning fatality;"

   b.     The Sauk County Coroner memorialized his opinion regarding the cause of death in a letter and indicated that "Patrick pages (sic) death was ruled by the Coroner Office as a (sic) Accident – cause of death, Indoor Fatality drowning;"

      c.      The Sauk County Coroner specifically addressed the cause of death in correspondence with Principal Life Insurance Company and indicated that the cause of death was an accident;

      d.      The evidence gathered in connection with the claim demonstrated that Patrick Page's death was an accident;

      e.      "Accident," "Accidental," and "Accidental Death" are not defined under the Group Policy at issue;

      f.      Ambiguous language in a contract will be construed against the insurer and "accident" should be construed in favor of Plaintiff; and

      g.      Patrick Page's death was an accident.

39.      Because Patrick Page's death was an accident, Patrick Page's beneficiaries, including LYNN BALLARD, are entitled to the benefits described in the policy for deaths of Members caused by an accident.

40.      To date, PRINCIPAL LIFE INSURANCE COMPANY has failed to pay those benefits and is therefore in breach of its group life insurance contract.

41.      Plaintiff claims all damages available to her under the law, including but not limited to: full payment of the benefits outlined in the policy; attorney's fees as provided by 215 ILCS 5/155; costs as provided by 215 ILCS 5/155; penalties or punitive damages as outlined in 215 ILCS 5/155; attorney's fees and costs as provided by ERISA; all other damages available to her under the law.

WHEREFORE, Plaintiff, LYNN BALLARD, by her attorneys in this regard, Hurley McKenna & Mertz, prays for damages against defendants PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, in a sum in excess of $75,000.00, with interest on such amount as allowed by law, plus costs.

## COUNT II – BAD FAITH

NOW COMES Plaintiff, LYNN BALLARD, by and through her attorneys in this regard, Hurley McKenna & Mertz, P.C., and as Count II of her Complaint at Law against Defendants, PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY (collectively PRINCIPAL LIFE INSURANCE COMPANY), upon information and belief, she states as follows:

42.     Plaintiff hereby incorporates Paragraphs 1 – 35 of the Complaint into Count II of this Complaint.

43.     LYNN BALLARD brings this bad faith action pursuant to Section 155 of the Illinois Insurance Code for the vexatious and unreasonable delay by Defendant PRINCIPAL LIFE INSURANCE COMPANY.

44.     The Group Policy at issue specifies that the "insurance provided…is subject to the laws of the state of Illinois."

45.     In denying the Member Accidental Death and Dismemberment Insurance claim of LYNN BALLARD, PRINCIPAL LIFE INSURANCE COMPANY acted in bad faith towards one of its insured's beneficiaries.

46.     The denial and delay in paying the Member Accidental Death and Dismemberment Insurance claim of LYNN BALLARD by PRINCIPAL LIFE INSURANCE COMPANY was and is vexatious and unreasonable.

47.     Defendant PRINCIPAL LIFE INSURANCE COMPANY's refusal to pay on the policy is a violation of § 155 of the Illinois Insurance Code and an unreasonable and vexatious delay in payment for one or more of the following reasons:

a.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD knowing that it was liable on the policy, and knowing that refusal to pay would cause LYNN BALLARD substantial financial hardship;

b.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD without adequate evidence that Patrick Page's was not an accident;

c.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD without properly investigating the claim;

d.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD despite knowing that Patrick Page's death was an accident;

e.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD despite the conclusion of the Sauk County Coroner ruling the death an accident;

f.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite the Sauk County Coroner specifically ruling that Patrick Page's "cause of death is an indoor drowning fatality;"

g.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite the Sauk County Coroner's memorialization of his opinion regarding the cause of death; specifically that "Patrick pages (sic) death was ruled by the Coroner Office as a (sic) Accident – cause of death, Indoor Fatality drowning;"

h.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite being in receipt of correspondence from the Sauk County Coroner specifically indicating that the cause of death was an accident;

i.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim by erroneously concluding that Patrick Page's death was not an accident, despite the fact that accident is never defined within the Group Policy at issue;

j.   Knowing that the Group Policy language would be construed against PRINCIPAL LIFE INSURANCE COMPANY under Illinois law, denied the claim despite the fact that "accident," "accidental" and "accidental death" are never defined within the Group Policy at issue and despite the Coroner's conclusion that the death was an accident;

        k.      Otherwise improperly, unreasonably, and vexatiously delayed payment of the claim.

48.    Plaintiff claims all damages available to her under the law, including but not limited to: full payment of the benefits outlined in the policy; attorney's fees as provided by 215 ILCS 5/155; costs as provided by 215 ILCS 5/155; penalties or punitive damages as outlined in 215 ILCS 5/155; attorney's fees and costs as provided by ERISA; all other damages available to her under the law.

WHEREFORE, Plaintiff, LYNN BALLARD, by her attorneys in this regard, Hurley McKenna & Mertz, prays for damages against defendants PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, in a sum in excess of $75,000.00, with interest on such amount as allowed by law, plus costs.

## COUNT III – ERISA CIVIL ACTION

NOW COMES Plaintiff, LYNN BALLARD, by and through her attorneys in this regard, Hurley McKenna & Mertz, P.C., and as Count III of her Complaint at Law against Defendants, PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY (collectively, PRINCIPAL LIFE INSURANCE COMPANY), upon information and belief, she states as follows:

49.    Plaintiff hereby incorporates Paragraphs 1 – 35 of the Complaint into Count III of her Complaint.

50.    This cause of action is brought pursuant to civil enforcement section the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 for the purpose of recovering benefits due to LYNN BALLARD under the Group Policy and enforcing LYNN

BALLARD's rights under the Group Policy and for all other relief provided by ERISA and §1132.

51.    By refusing to pay the Member Accidental Death and Dismemberment Insurance owed to beneficiary LYNN BALLARD, PRINCIPAL LIFE INSURANCE COMPANY has precluded LYNN BALLARD from recovering benefits due to her under the Group Policy in violation of ERISA.

52.    PRINCIPAL LIFE INSURANCE COMPANY has improperly denied the claim, delayed the benefits owed LYNN BALLARD, and violated ERISA for one or more of the following reasons:

a.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD knowing that it was liable on the policy, and knowing that refusal to pay would cause LYNN BALLARD substantial financial hardship;

b.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD without adequate evidence that Patrick Page's was not an accident;

c.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD without properly investigating the claim;

d.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD despite knowing that Patrick Page's death was an accident;

e.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim of LYNN BALLARD despite the conclusion of the Sauk County Coroner ruling the death an accident;

f.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite the Sauk County Coroner specifically ruling that Patrick Page's "cause of death is an indoor drowning fatality;"

g.   Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite the Sauk County Coroner's memorialization of his opinion regarding the cause of death; specifically that "Patrick pages (sic) death was ruled by the Coroner Office as a (sic) Accident – cause of death, Indoor Fatality drowning;"

      h.  Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim despite being in receipt of correspondence from the Sauk County Coroner specifically indicating that the cause of death was an accident;

      i.  Defendant PRINCIPAL LIFE INSURANCE COMPANY denied the claim by erroneously concluding that Patrick Page's death was not an accident, despite the fact that accident is never defined within the Group Policy at issue;

      j.  Knowing that the Group Policy language would be construed against PRINCIPAL LIFE INSURANCE COMPANY under Illinois law, denied the claim despite the fact that "accident," "accidental" and "accidental death" are never defined within the Group Policy at issue and despite the Coroner's conclusion that the death was an accident;

      k.  Otherwise improperly, unreasonably, and vexatiously delayed payment of the claim and violated ERISA.

53.    Plaintiff claims all damages available to her under the law, including but not limited to: full payment of the benefits outlined in the policy; attorney's fees as provided by 215 ILCS 5/155; costs as provided by 215 ILCS 5/155; penalties or punitive damages as outlined in 215 ILCS 5/155; attorney's fees and costs as provided by ERISA; all other damages available to her under the law.

      WHEREFORE, Plaintiff, LYNN BALLARD, by her attorneys in this regard, Hurley McKenna & Mertz, prays for damages against defendants PRINCIPAL LIFE INSURANCE COMPANY, PRINCIPAL FINANCIAL GROUP, INC., PRINCIPAL HOLDING COMPANY, LLC, PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, in a sum in excess of $75,000.00, with interest on such amount as allowed by law, plus costs.

**LYNN BALLARD DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

Respectfully submitted,


Dated: November 21, 2014        /s/ Evan M. Smola
        EVAN M. SMOLA
        One of the Attorneys for the Plaintiff


HURLEY McKENNA & MERTZ
Attorneys for Plaintiff
ARDC No.: 6297660
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
P: (312) 553-4900
F: (312) 553-0964
esmola@hurley-law.com